# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. COLLINS,<br><br>                  Plaintiff,<br><br>   v.<br><br>WILLIAM GUERIN, *ET AL.*<br><br>                Defendants. | Case No.  14-cv-00545-BAS(BLM)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 4) |

On March 11, 2014, Plaintiff Michael A. Collins ("Plaintiff") commenced this 42 U.S.C. § 1983 civil rights action against Defendants William Guerin and the City of El Cajon (collectively "Defendants").  Count One alleges that during a search warrant, Defendant Guerin stole jewels belonging to the Plaintiff, which deprived him of his right to be free from unreasonable searches and seizures, to due process of law, to the use of his property, and to be free from the taking of his property without just compensation, in violation of the Fourth and Fourteenth Amendment of the United States Constitution.  Count Two alleges unlawful custom and practice against the City of El Cajon in violation of 42 U.S.C. § 1983, claiming that the City's failure to enact a protocol for searching valuable items, like safes, and failure to properly investigate and discipline employees and to take adequate

precautions resulted in the claimed theft.

Defendants now move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming: (1) the statute of limitations bars this action; (2) there can be no due process claim since the alleged deprivation was random and unauthorized under *Parratt v. Taylor*, 451 U.S. 527 (1981); and (3) the claim against the City must fail in the absence of any official policy, decision or custom that violates Plaintiff's rights.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, this Court **DENIES IN PART** and **GRANTS IN PART** Defendants' Motion to Dismiss.

## I.  BACKGROUND

On February 1, 2011, Defendant Guerin, a police officer employed by Defendant City of El Cajon, executed a search warrant at a jewelry store in El Cajon owned by Plaintiff. ((ECF No. 1 ("Compl.").) at ¶¶ 8, 13-16.)  Plaintiff alleges that "upon locating a safe in the back room of the jewelry store, Guerin ordered Collins to open the safe and to then leave the room with the cover officer, thereby leaving Guerin alone in the back room with the open safe." (*Id*. at ¶ 17.) Plaintiff then alleges that, despite neither being seized during the execution of the search warrant nor referenced in the "Receipt and Inventory" listing the items officially seized during the search warrant, he discovered the next morning that a 5.05 carat Thai ruby and 69 ounces of gold were missing from the safe. (*Id*. at ¶¶ 21-22.) Plaintiff alleges "that said ruby (with a value of $60,000) together with said gold (with a value of $224,000) was taken, and converted, by Guerin under color of law and pursuant to the authority reposed in him as a police officer for Defendant City of El Cajon." (*Id*. at ¶ 23.)

On March 1, 2011, Plaintiff was arrested "for offenses…which arose from the foregoing search, and such proceedings were pending against him, thereby

tolling any applicable statutes of limitation, from that time until September 25, 2012." (*Id*. at ¶ 24).

Plaintiff filed this action under 42 U.S.C. § 1983 against Defendants on March 11, 2014. The Complaint alleges Defendant Guerin seized Plaintiff's property "thereby depriving Plaintiff of his property without due process of law, and also of the rights, privileges and immunities as guaranteed Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States." (*Id*. at ¶ 1.)

The Complaint further alleges Defendant City of El Cajon "at no time took any effective action to prevent its police personnel from engaging in [this alleged] misconduct including, but not necessarily limited to, simply enacting a protocol for the search of valuable items (like safes) only with a witness present, or otherwise discouraging such theft and unlawful abuses of authority as are [alleged in the Complaint]." (*Id*. at ¶ 37). Plaintiff also alleges Defendant City of El Cajon not only failed to enact an appropriate protocol for searching valuable items, such as safes, but also (1) failed "to properly investigate, discipline, restrict and control employees" like Guerin, (2) failed "to take adequate precautions in hiring, retention, and promotion of police personnel," (3) failed "to forward to the Office of the District Attorney for San Diego County evidence of criminal acts committed by police personnel;" and (4) failed "to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public and discourage the public from making such complaints." (*Id*. at ¶ 38).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed.

R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty of Santa Clara*,

307 F.3d 1119, 1121 (9th Cir. 2002)). "However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc.*, 896 F.2d at 1542, n. 19. Documents specifically identified in the complaint whose authenticity is not questioned by the parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453-54. Such documents may be considered, so long as they are referenced in the complaint, even if they are not physically attached to the pleading. *Branch*, 14 F.3d at 453-54; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (extending rule to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Fecht*, 70 F.3d at 1080 n. 1. Additionally, the court may consider materials which are judicially noticeable. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.,* 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962)).

**III.    DISCUSSION**

    **A.    Statute of Limitations**

        1.    <u>Applicable Statute of Limitations</u>

As a preliminary matter, Plaintiff alleges the statute of limitations applicable to this case is the California statute of limitations for conversion, or three years, because that is the gist of the underlying allegations. (Opp. at pp. 5-6.) Plaintiff is incorrect.

State law does determine the statute of limitations for claims brought under 42 U.S.C. § 1983. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985)). However, "[t]he Court in *Wilson* held the statute of limitations for all section 1983 claims to be the forum state's statute of limitations for *personal injury torts*." *Id*. (emphasis added). The applicable statute is not dependent on the gist of the underlying allegations. *See id*.

Both parties agree the statute of limitations in California for personal injury torts is two years under California Code of Civil Procedure section 335.1. (Mot. at p. 6; Opp. at p. 6.) Plaintiff discovered the alleged violation on February 2, 2011, and this case was not filed until March 11, 2014. (Compl. at ¶ 22.) Therefore, unless the statute of limitations was tolled at some point during that period, this action is barred by the statute of limitations.

### 2. Tolling

"'In California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't. Code § 945.3 while criminal charges are pending.'" *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997) (quoting *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)). California Government Code, section 945.3 provides, in relevant part:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov't. Code § 945.3. Thus, if this civil action is based on the conduct of a police officer relating to the criminal offense for which Plaintiff was charged, the

1  statute of limitations was tolled while the criminal charges were pending before a
2  superior court.
3        There are a variety of reasons for applying this tolling period to section 1983
4  actions.  Among them is that "[t]olling the statutory period while criminal actions
5  are pending gives the party charged more time to file his section 1983 action."
6  *Harding*, 889 F.2d at 909.  "Thus, application of the tolling provision increases a
7  litigant's access to the courts."  *Id.* (citing *Patsy v. Board of Regents*, 457 U.S. 496,
8  504 (1982)).  And "perhaps most importantly,…[t]he tolling period serves the
9  independent policy objective of encouraging the criminal defendant to await the
10 outcome of the criminal action before instituting a §1983 action," which could help
11 avoid costly unmeritorious actions or potentially assist in the settlement of
12 meritorious ones.  *Id*.
13       Defendants argue that the tolling provisions of section 945.3 are inapplicable
14 to this case because Plaintiff "has failed to allege any nexus between the criminal
15 charges against [P]laintiff (cultivation of marijuana) and what [P]laintiff alleges
16 occurred (theft by the police officer)."  (Mot. at p. 7.)  Although Defendants place
17 emphasis on the part of section 945.3 that states, "based upon conduct of the peace
18 officer relating to the offense for which the accused is charged," Defendants omit
19 the extremely important caveat that follows: "including an act or omission in
20 investigating or reporting the offense or arresting or detaining the accused."  *See*
21 Cal. Gov't Code § 945.3.  In this case, the alleged theft arose directly out of an act
22 in investigating the accused—that is the execution of a search warrant that led to
23 the arrest and prosecution of the Plaintiff.  (Compl. at ¶¶ 13-24.)  There is, indeed, a
24 nexus between the criminal charges against Plaintiff (evidence of marijuana
25 cultivation discovered during the execution of a search warrant) and the allegations
26 in this complaint (theft occurring during the execution of that same search warrant).
27       The statute of limitations was therefore tolled during the period charges were
28 pending against the Plaintiff in superior court.  Plaintiff alleges that this was from

the date of his arrest on March 1, 2011, until the time his criminal charges were resolved on September 25, 2012. (*Id.* at ¶ 24.) However, no charge is pending until a criminal complaint is filed. *Torres*, 108 F.3d at 227. This did not occur until May 20, 2011. (ECF No. 4-2, Exh. A.)[1] Defendants do not dispute that criminal charges were thereafter pending until September 25, 2012, when Plaintiff was sentenced. (*See* Reply at p. 6, lines 6-7.) Thus, the statute of limitations was tolled between May 20, 2011 and September 25, 2012. *See Torres*, 108 F.3d at 226 (criminal charges are pending until the date of judgment). Accordingly, this Complaint was filed within the two year statute of limitations.

### B. Plaintiff's Section 1983 Claim Against Defendant Guerin

Defendants claim that Plaintiff's claim against Defendant Guerin is barred pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981) because the alleged actions constituted "random and unauthorized" conduct and any pre-deprivation procedures instituted by the State would have been impractical under the circumstances. (Mot. at pp. 8-10.) In *Parratt*, the Supreme Court held that "a negligent deprivation of property by state officials does not violate the Fourteenth Amendment if an adequate postdeprivation state remedy exists." *See Hudson v. Palmer*, 468 U.S. 517, 519 (1984). In so deciding, the Supreme Court reasoned "that where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur." *Hudson*, 468 U.S. at 532 (citing *Parratt*, 451 U.S. at 541). In *Hudson*, the Supreme Court extended the rule to intentional deprivations of property as well. *Id.* at 533 ("We can discern no logical distinction between negligent and intentional

---

[1] The Court takes judicial notice of the Information filed against Plaintiff in San Diego Superior Court, Case No. SCD232816. *See* Fed. R. Evid. 201(b), (c); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *Gozzi v. Cnty. of Monterey*, 2014 WL 6988632, at *5 (N.D. Cal. Dec. 10, 2014).

deprivations of property insofar as the 'practicability' of affording predeprivation process is concerned.").

In *Zinermon v. Burch*, 494 U.S. 113 (1990), the Supreme Court further clarified "that in a situation where the State cannot predict and guard in advance against a deprivation, a post-deprivation tort remedy is all the process the State can be expected to provide, and is constitutionally sufficient." *Id.* at 115. The Supreme Court in *Zinermon*, however, makes it clear that the rules outlined in *Parratt* and its progeny apply solely to procedural due process claims under the Fourteenth Amendment. *Id.* at 136-39; *see also Smith v. City of Fontana*, 818 F.2d 1411, 1414 (9th Cir. 1987), *cert. denied*, 484 U.S. 935 (1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) ("*Parratt* and its progeny merely determine when a state's post-deprivation remedies are adequate to protect a victim's *procedural* due process rights. The *Parratt* line of cases does not focus on the relevance of procedural protections to alleged violations of *substantive* constitutional rights." (emphasis in original).) Similarly, the rule outlined in *Parratt* is not applicable to alleged violations of other substantive provisions of the Bill of Rights, such as the Fourth Amendment. *Smith*, 818 F.2d at 1414-15; *Robins v. Harum*, 773 F.2d 1004, 1009 (9th Cir. 1985); *King v. Massarweh*, 782 F.2d 825, 827 (9th Cir. 1986) ("*Parratt* does not apply to plaintiffs claiming direct violation of their substantive constitutional rights, as distinct from their due process rights."); *Sanders v. Kennedy*, 794 F.2d 478, 481-82 (9th Cir. 1986).

In this case, Plaintiff claims violations of both his procedural and substantive due process rights under the Fourteenth Amendment, as well as violations of the Fourth Amendment. To the extent Plaintiff alleges his property was taken without due process of law, this procedural due process claim is barred. The State cannot be expected to hold pre-deprivation hearings anticipating that a police officer might act in a random and unauthorized fashion to steal property. However, to the extent Plaintiff is alleging that the governmental power of a search warrant was used for

purposes of oppression and both his substantive due process rights as well as his Fourth Amendment rights were violated by an illegal search and seizure, such a claim does not implicate a pre-deprivation hearing and is not barred.[2]

### C. Plaintiff's Section 1983 Claim Against Defendant City of El Cajon

Defendants claim Plaintiff fails to allege sufficient facts in the complaint to hold Defendant City of El Cajon liable for the rogue acts of its employee. (Mot. at pp. 10-12.) Under section 1983, "local governments are responsible only for their *own* illegal acts." *Connick v. Thompson*, 131 S.Ct 1350, 1359 (2011) (citation and internal quotations omitted). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* "Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185-86 (9th Cir. 2006) (citing *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978)); *see also Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other grounds by Bull v. City and Cnty. of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (Under section 1983, "liability may be imposed only if the

---

[2] The Court acknowledges *Slider v. City of Oakland*, 2010 WL 2867807 (N.D. Cal. Jul. 19, 2010), which holds that "theft following the initial search and seizure should not be viewed as a constitutional violation, but rather as a tortious injury redressable under the state law of conversion." *Id.* at *4. However, the Court believes the facts of this case, as alleged, in which the theft occurred during the search and seizure, is more akin to cases involving destructive behavior during a search. "An officer's conduct in executing a search is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005) (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997)); *see also United States v. Rettig*, 589 F.2d 418, 423 (9th Cir. 1978) ("In determining whether or not a search is confined to its lawful scope, it is proper to consider both the purpose disclosed in the application for a warrant's issuance *and the manner of its execution*." (emphasis added)). Thus, behavior or actions "beyond that necessary to execute [the] warrant[s] effectively, violates the Fourth Amendment." *San Jose*, 402 F.3d at 971 (quoting *Liston v. Cnty. of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997)).

plaintiff establishes that his injuries were inflicted pursuant to an official [local governmental] policy or custom.")[3]

Unconstitutional policies or customs may take many forms, including: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004); *see also Thompson*, 885 F.2d at 1443; *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002).

Under the second form, "a plaintiff need not allege that the municipality itself violated someone's constitutional rights or directed one of its employees to do so." *Gibson*, 290 F.3d at 1186. The unconstitutional policy or custom can be one of inaction. *Long*, 442 F.3d at 1185-86 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "[A] plaintiff can allege that through its omissions the municipality is responsible for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation." *Id.* (citing *Canton*, 489 U.S. at 387–89). "To impose liability against a [city] for its failure to act, a plaintiff must show: (1) that a [city] employee violated the plaintiff's constitutional rights; (2) that the [city] has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights." *Id.* at 1186 (citing *Gibson*, 290 F.3d at 1193–94).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."

---

[3] Municipalities are "persons" under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation. *Monell*, 436 U.S. at 690.

1  *Connick*, 131 S.Ct at 1360 (quoting *Bd. of the Cnty. Comm'rs of Bryan Cnty., Okla.*
2  *v. Brown*, 520 U.S. 397, 410 (1997)); *see also Gibson*, 290 F.3d at 1186 ("To prove
3  deliberate indifference, the plaintiff must show that the municipality was on actual
4  or constructive notice that its omission would likely result in a constitutional
5  violation."). Ordinarily, "[a] plaintiff cannot prove the existence of a *municipal*
6  policy or custom based solely on the occurrence of a single incident or
7  unconstitutional action by a non-policymaking employee." *Davis v. City of*
8  *Ellensburg*, 869 F .2d 1230, 1233 (9th Cir. 1989), *abrogated on other grounds by*
9  *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008)). "In a 'narrow range of
10 circumstances,' however, deliberate indifference may be found absent a pattern of
11 unconstitutional behavior if a violation of federal rights is a 'highly predictable' or
12 'plainly obvious' consequence of a municipality's action or inaction, such as when
13 a municipality fails to train an employee in specific skills needed to handle
14 recurring situations, thus presenting an obvious potential for constitutional
15 violations." *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998) (citing
16 *Bryan Cnty.*, 520 U.S. at 409-10; *Canton*, 489 U.S. at 390 & n. 10); *see also*
17 *Connick*, 131 S.Ct at 1361; *Moss. v. U.S. Secret Service*, 711 F.3d 941, 968 (9th
18 Cir. 2011), *rev'd on other grounds by Wood v. Moss*, 134 S.Ct. 2056 (2014).

19  In this case, Plaintiff contends an employee of Defendant City of El Cajon
20 violated his constitutional rights. (Compl. at ¶¶ 2, 29-34.) He alleges Defendant
21 City of El Cajon, which is "possessed of the power and authority to adopt policies
22 and prescribe rules, regulations, practices and protocols affecting the operations of
23 the El Cajon Police Department," failed to adopt sufficient policies to ensure that
24 valuable items did not "disappear" during execution of a search warrant. (Compl.
25 at ¶¶ 9, 36-37.) For example, the Complaint suggests the City could have enacted a
26 protocol for the search of valuable items (like safes) which requires a witness
27 present to discourage theft. (*Id*. at ¶ 37.) Plaintiff further alleges Defendant City of
28 El Cajon (1) failed "to properly investigate, discipline, restrict and control

employees" like Defendant Guerin, (2) failed "to take adequate precautions in hiring, retention, and promotion of police personnel," (3) failed "to forward to the Office of the District Attorney for San Diego County evidence of criminal acts committed by police personnel;" and (4) failed "to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public and discourage the public from making such complaints." (*Id*. at ¶ 38). Lastly, Plaintiff alleges that "[t]he damages to which Plaintiff has been subjected was consistent with an institutionalized practice of the El Cajon Police Department, which was known to, or should have been known to, Defendant [City of] El Cajon, which at no time took any effective action to prevent its police personnel from engaging in such misconduct." (*Id*. at ¶ 37.)

At this stage of the proceedings, the Court must accept these factual allegations pleaded in the Complaint as true and draw all inferences from them in Plaintiff's favor. Plaintiff alleges sufficient governmental policy (or lack thereof) to withstand a motion to dismiss.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES IN PART AND GRANTS IN PART** Defendants' motion to dismiss (ECF No. 4). The Court grants Defendants' motion to dismiss as to Plaintiff's procedural due process claims and denies Defendants' motion to dismiss in all other respects.

**IT IS SO ORDERED.**

DATED: December 17, 2014

Hon. Cynthia Bashant
United States District Judge